Frederick J. Harrison
Frederick J. Harrison, PC
715 West Pine Street
P. O. Box 1066
Rawlins, WY 82301
(307) 324-6639 Phone
(307) 324-4444 Fax

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR 4 PM 2 53

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MICHELLE BUCKLIN, as personal representative of the deceased persons, NICHOLAS BUCKLIN, NATHANIEL JEREMY BUCKLIN and NOAH CHRISTOPHER BUCKLIN, and on behalf of the heirs and next of kin of the deceased persons,<br><br>    Plaintiffs,<br><br>vs.<br><br>SERCO, Inc., a foreign corporation,<br><br>    Defendant. | Civil No. 13-CV-52-J |

## COMPLAINT

Comes now the Plaintiffs, by and through their attorney, Frederick J Harrison, and for their causes of action against the Defendant, and in support of the relief requested herein, respectfully allege to the Court as follows:

**Parties**

1. Plaintiff Michelle Bucklin is the duly appointed Wrongful Death Representative for the deceased minor persons Nicholas Bucklin, age 14, Nathaniel Jeremy Bucklin, age 14 and Noah Christopher Bucklin, age 12. The deceased minor persons died in an airplane crash on October 25, 2010 near Lander, Wyoming. Michelle Bucklin was appointed Wrongful Death Representative by an Order of the Ninth Judicial District, Fremont County, Wyoming entered on February 4, 2013. The heirs and next of kin of the deceased persons Nicholas Bucklin, Nathaniel Jeremy Bucklin, and Noah Christopher Bucklin, include the following:

| | | | |
|---|---|---|---|
| 1) | Michelle Bucklin | - | Mother |
| 2) | Samantha Bucklin | - | Sister |
| 3) | Sarah Bucklin | - | Sister |
| 4) | Oliver Ruddock | - | Half-Brother |
| 5) | Cindy Freiermuth | - | Maternal Aunt |
| 6) | Nancy Mogen | - | Maternal Aunt |
| 7) | Michael Alderson | - | Maternal Uncle |
| 8) | Karen Charland | - | Maternal Grandmother |
| 9) | Mary Ann Bucklin | - | Paternal Grandmother |
| 10) | Larry Bucklin | - | Paternal Grandfather |

2. Defendant Serco, Inc. ("Serco") is a New Jersey corporation doing business in the State of Wyoming. At all times material hereto, Serco provided contract air traffic control services to the Federal Aviation Administration (FAA) facility at Jackson Hole Airport, Jackson, Wyoming.

3. At the time of their deaths, Nicholas Bucklin, Nathaniel Jeremy Bucklin, and Noah Christopher Bucklin were citizens of the State of Minnesota.

**Jurisdiction and Venue**

4. Michelle Bucklin, the wrongful death representative, is a citizen of the State of Arizona at this time and at the time of the death of the deceased persons named above was a citizen of the State of Minnesota. Michelle Bucklin is the natural mother of the deceased persons and resided with them prior to their deaths in Minnesota.

5. Plaintiff Michelle Bucklin, as personal representative of the deceased persons, Nicholas Bucklin, Nathaniel Jeremy Bucklin, and Noah Christopher Bucklin, is deemed to be a citizen of the same state as the deceased persons at the time of their deaths pursuant to 28 U.S.C. § 1332 (c) (2). Therefore, the citizenship of the personal representative of deceased persons is the State of Minnesota for purposes of this suit.

6. Defendant Serco is a for profit corporation existing under the laws of the State of New Jersey, with its principal place of business in the State of Virginia. Serco has minimum contacts with the State of Wyoming pursuant to its contract to provide air traffic control services for the Federal Aviation Administration for the Federal contract tower at Jackson Hole, Wyoming.

7. There exists complete diversity of citizenship between Plaintiffs and Defendant; and the matter in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand Dollars ($75,000).

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 (a) (1) et seq.

9. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the United States Judicial District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. §1391 (a) and in particular §1391 (b) (2).

**Cause of Action for Negligence**

10. Plaintiffs reincorporate by reference paragraphs 1 through 9 of this Complaint, inclusive, and as if fully set forth herein.

11.     On Monday, October 25, 2010, Luke Bucklin (hereinafter Mr. Bucklin), filed an Instrument Flight Rules (IFR) flight plan with the intent to fly a Mooney M20J aircraft on a northbound departure from Jackson Hole, Wyoming to Minneapolis, Minnesota.

12.     On board the Mooney M20J aircraft with Mr. Bucklin were his three sons, Nicholas Bucklin, Nathaniel Jeremy Bucklin, and Noah Christopher Bucklin.

13.     Shortly before the planned departure time, the wind changed and Mr. Bucklin contacted Jackson Hole Tower for his IFR flight plan clearance.

14.     At all times material hereto, Serco provided air control services to Jackson Hole Tower pursuant to its contract with the Federal Aviation Administration.

15.     Upon receipt of the request for clearance, Serco, acting through its agents and employees, modified Mr. Bucklin's flight plan to a flight plan that contained substantial differences from the original flight plan that had been filed and requested by Mr. Bucklin.

16.     This rerouting by the Serco agent/employee included the following substantial changes from Mr. Bucklin's original flight plan:

    a.      The Serco rerouting included an Obstacle Departure Procedure which involved departure to the south instead of the north;

    b.      The Serco rerouting also included a portion through "uncontrolled airspace" that had not been part of the flight plan requested by Mr. Bucklin; and

    c.      The Serco rerouting omitted requiring Mr. Bucklin to ascend to a safe altitude of (16,000 ft.) that was 2,000 ft. higher than the altitude (14,000 ft.) in Mr. Bucklin's original north departure.

17.     After receiving the amended flight plan from the air traffic controller, Mr. Bucklin requested an altitude of 14,000 ft.

18.     The Serco air traffic controller approved clearance at 14,000 ft., although a flight on the modified route at 14,000 ft. is unsafe and below the minimum safe altitude

4

of 16,000 feet as required by applicable regulations, rules and orders for IFR flight in this area.

19. Soon after, the air traffic controller at Jackson Hole Tower communicated the flight plan, including the 14,000 ft. altitude, to a Federal Aviation Administration Salt Lake Enroute Air Traffic Control Center (ZLC ARTCC) and received a release on the aircraft.

20. Mr. Bucklin's airplane, with his three sons aboard as passengers, departed Jackson Hole Airport at approximately 1:05 p.m. M.D.T. on October 25, 2010.

21. In providing air traffic control services to Mr. Bucklin on October 25, 2010, Defendant Serco, acting through its agents and employees, was negligent by departing from accepted standards of the air traffic control profession and violating applicable regulations, rules and orders that put Mr. Bucklin and his sons, who were his passengers, at risk of serious injury or death.

22. Serco never told Mr. Bucklin that he had to ascend to a safe altitude of 16,000 feet for the terrain over which he was flying.

23. Serco never advised Mr. Bucklin to change course from its flight plan which rerouted Mr. Bucklin.

24. Serco knew that Mr. Bucklin's aircraft lacked sufficient power to ascend rapidly and that it would be difficult or impossible for Mr. Bucklin to ascend to a safe altitude of 16,000 feet.

25. Serco knew or should have known that Mr. Bucklin's aircraft lacked sufficient power to pull out of a mountain wave (massive wind suction) which could pull his helpless aircraft from a too low altitude (less than 16,000 feet) into mountains in the area.

26. As a direct and proximate result of the negligence of Defendant Serco, acting through its agents and employees, at approximately 1:52 p.m. M.D.T. on October 25, 2010, the airplane that Mr. Bucklin was piloting at too low an altitude, as allowed by

Serco, was sucked from the sky and violently collided with a mountain. Mr. Bucklin and his sons (the deceased persons named herein) were all needlessly killed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and each of them, pray for judgment against Defendant Serco for the acts, errors or omissions of Serco, its principals, employees, staff, agents, or ostensible agents directly or indirectly causing the wrongful death of Nicholas Bucklin, Nathaniel Jeremy Bucklin, and Noah Christopher Bucklin, deceased persons named herein, and directly or indirectly causing Plaintiffs individually, as will be proven at trial, loss of probable future companionship, society and comfort; and such other damages and compensation for loss as are provided for in law or equity and including but not limited to general, special, pecuniary or exemplary damages as may be deemed fair and just as follows:

1) The amount each Plaintiff has failed or will fail to receive from a deceased person's earnings;
2) The loss for each Plaintiff of probable future companionship from a deceased person;
3) The loss for each Plaintiff of probable future society with a deceased person;
4) The loss for each Plaintiff of probable future comfort from a deceased person;
5) The loss for each Plaintiff of probable advice from a deceased person;
6) Monetary, pecuniary or other loss allowed in law or equity, sustained by any of the Plaintiffs resulting from the death of the deceased persons;
7) For such other and further relief as the Court deems proper in the premises.

RESPECTFULLY SUBMITTED this ____ day of March, 2013.

ATTORNEY FOR THE PLAINTIFFS

_____
Frederick J. Harrison #5-1586
FREDERICK J. HARRISON, PC
715 West Pine Street
P. O. Box 1066
Rawlins, Wyoming 82301-1066
Telephone: (307) 324-6639
Facsimile: (307) 324-4444
Email: fred.harrison@fjhlawoffice.com